

```
SOUTHERN DISTRICT OF MISSISSIPPI
      F I L E D
    NOV 1 7 2006
    J. T. NOBLIN, CLERK
BY_____DEPUTY
```

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JERRY READ and DAISY READ**                                                **PLAINTIFFS**

**V.**                                         **CIVIL ACTION NO. 1:06CV894**

**ALLSTATE INSURANCE COMPANY**                                               **DEFENDANT**

### ORDER FOR MEDIATION
### and STAY OF PROCEEDINGS PENDING MEDIATION

It is hereby **ORDERED** that the parties to this case shall participate in the special mediation program established by the Mississippi Department of Insurance. The rules and procedures applicable to that program in emergency regulation No.2005-2, as amended, are incorporated by reference, to the extent they are not in conflict with the specific provisions of this order.

At least three business days before the mediation is scheduled, the parties shall submit to the mediator designated by the program administrator, a confidential memorandum, no more than three pages in length, setting out the following information:

1. The limits of liability under the policy or policies sued upon.
2. The amount of damage claimed under the policy or policies, separated by damage to structures and damage to contents.
3. The amount that has been offered by the insurer, if any, for the damage claimed under the policies, separated by the amount (if any) offered for damage to structures, the amount (if any) offered for damage to contents, and the amount (if any) offered under any other applicable coverages.
4. A brief description or summary of any documentary evidence (including photographs, videos, appraisal reports, engineering reports, itemizations, damage estimates, or other relevant written materials) the party wishes the mediator or the party opposite to take into consideration in evaluating and discussing the merits of the claim. Any documents or other material the party wishes the party opposite to take into consideration must be furnished to the party opposite at or before the time the confidential memorandum is submitted to the mediator.

This mediation will be subject to Rule 408 of the Federal Rules of Evidence. This mediation will have a basic time limit of no more than two hours unless, in the judgment of the mediator, substantial progress is being made toward settlement. Each party shall attend the mediation and each party shall be represented at the mediation by only one counsel of record.

In the event a party or its representative does not have full settlement authority to resolve the claims involved in the litigation, each party shall have immediate access, by telephone or in person, to an individual who is authorized to approve or decline proposed settlements. Insurance company representatives shall have immediate access, by telephone or in person, to an individual who has authority to authorize settlements in an amount at least up to the policy limits of the insurance contracts that have been sued upon. For the purposes of this order, and because public telephones will not be available, the court's prohibition against the use of cell phones in the United States Courthouse will be suspended, and counsel may communicate with these devices for any reason associated with the mediation.

This mediation will take place in the Alternative Dispute Resolution room on the first floor of the United States Courthouse, 2012 15th Street, Suite 110, Gulfport, Mississippi. The parties will be notified of the date and time the mediation is to take place through the administrator of the mediation program. The mediator is hereby empowered to contact the presiding United States Magistrate Judge as to any issue that must be resolved in the course of the mediation.

The parties are admonished to cooperate with the mediator in a good faith effort to resolve any disputed issues of liability and damages susceptible of resolution by agreement of the parties. A party's failure to attend and participate in this conference, without good cause, shall result in the imposition of appropriate sanctions.

It is the policy of the Court to support and encourage the voluntary resolution of claims. In the event the parties wish to undertake private mediation on or before the date of this mediation and wish to pursue that alternative in lieu of participation in this mediation program they shall inform the court in writing at least ten days before their mediation pursuant to this order is finally scheduled that they wish to pursue this alternative, and they will be excused from participation in this mediation.

This action is hereby stayed for sixty days to allow mediation to take place. Within ten days of the conclusion of the mediation plaintiff shall notify the court in writing that the mediation has taken place. The stay of this action shall terminate on the date this notification is filed or sixty days, whichever is earlier.

**SO ORDERED** this ___13th___ day of ___NOVEMBER___, 2006

Submitted by and agreed to:

_____
Jerry Read, Plaintiff Pro Se

_____
William C. Griffin
for Allstate Insurance Company

_____
United States ~~Magistrate~~ Judge
District

BERNARD A. FRIEDMAN
SITTING BY SPECIAL DESIGNATION